# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATS ELECTRONICS, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BRENT WRIGHT, an Individual, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: CV14-4035 BRO (ASx)<br><br>**PERMANENT INJUNCTION ORDER AGAINST DEFENDANT** |

Having reviewed the Stipulation for Entry of Permanent Injunction against Defendant BRENT WRIGHT ("Defendant") entered into between Plaintiff BEATS ELECTRONICS, LLC ("Plaintiff") and Defendant, and good cause appearing, the Court hereby finds as follows:

1. Plaintiff is a corporation organized and existing under the laws of the State of Delaware, duly authorized and licensed to conduct business in the State of California, with its principal place of business in Culver City, California.

2. In addition to common law trademark rights, Plaintiff hold registrations for its trademarks, including the iconic "b" logo and stylized

variations thereof in many countries around the world, including with the United States Patent and Trademark Office (collectively "Plaintiff's Marks"):

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 3,514,282 | (beats logo) | FOR: AUDIO EQUIPMENT, NAMELY, HEADPHONES IN CLASS 009. |
| 4,060,781 | (beats logo) | FOR: AUDIO SPEAKERS; LOUDSPEAKERS IN CLASS 009. |
| 3,881,677 | (beats logo) | FOR: HEADPHONES IN CLASS 009. |
| 3,862,142 | BEATS | FOR: HEAPHONES IN CLASS 009. |
| 4,314,931 | BEATS PILL | FOR: AUDIO SPEAKERS; LOUDSPEAKERS IN CLASS 009. |
| 4,314,920 | BEATS EXECUTIVE | FOR: HEADPHONES IN CLASS 009. |
| 4,176,105 | BEATS BY DR. DRE | FOR: MEDIA PLAYERS FOR AUTOMOBILES; DVD PLAYERS FOR AUTOMOBILESL CD PLAYERS FOR |

| | | |
|---|---|---|
| | | AUTOMOBILES; DIGITAL AUDIO PLAYERS FOR AUTOMOBILES; AUDIO SPEAKERS; CAR AUDIO SPEAKERS; LOUDSPEAKERS; LOUDSPEAKER CABINETS; HORNS FOR LOUDSPEAKERS; HEADPHONES; PERSONAL HEADPHONES FOR USE WITH SOUND TRANSMITTING SYSTEMS; MEDIA PLAYERS FOR AUTOMOBILES IN CLASS 009. FOR: T-SHIRTS IN CLASS 025. |
| 4,035,777 | BEATS | FOR: AUDIO SPEAKERS; LOUDSPEAKERS IN CLASS 009. |
| 4,355,601 | POWERBEATS BY DR. DRE | FOR: HEADSETS FOR MOBILE PHONES; HEADPHONES, PERSONAL HEADPHONES FO RUSE WITH SOUND TRANSMITTING SYSTEMS IN CLASS 009. |
| 4,314,930 | URBEATS | FOR: HEADPHONES IN CLASS 009. |
| 4,314,478 | BEATS STUDIO | FOR: HEADPHONES IN CLASS 009. |
| 4,177,191 | BEATS PRO | FOR: HEADPHONES; PERSONAL |

| | | |
|---|---|---|
| | | HEADPHONES FOR USE WITH SOUND TRANSMITTING SYSTEMS IN CLASS 009. |
| 3,177,979 | BEAT BOX | FOR: COMPUTER SOFTWARE FOR SEARCHING AND RETRIEVING INFORMATION, SITES AND OTHER RESOURCES ON COMPUTER NETWORKS; COMPUTER SOFTWARE FOR SENDING STREAMING MEDIA OVER A COMPUTER NETWORK; DIGITAL JUKE BOX INCLUDING COMPUOTER HARDWARE AND SOFTWARE FOR DISTRIBUTING, SELECTING AND PLAYING AUDIO AND VIDEO MUSICAL INFORMATION; PRERECORDED MUSICAL SOUND RECORDINGS IN CLASS 009. |

3.     Plaintiff's Marks have been used exclusively and continuously by Plaintiff, some since at least as early as 2006.

| | |
|---|---|
| 1 | 4.    Defendant is an individual with his residence at 3086 Ramblewood |
| 2 | Street, Portage, IN 46368. |
| 3 | 5.    On May 27, 2014, Plaintiff filed its Complaint in this Civil Action |
| 4 | No. Civil Action No. 14-4035 BRO (ASx) against Defendant claiming Federal |
| 5 | Trademark Infringement arising under 15 *U.S.C.* §1114, False Designation of |
| 6 | Origin under 15 *U.S.C.* §1125(a), Trademark Dilution under 15 *U.S.C.* §1125(c), |
| 7 | Unfair Business Practices pursuant to *California Business & Professions Code* |
| 8 | §17200, and Declaratory Relief. |
| 9 | 6.    Plaintiff served the Summons and Complaint on Defendant on June |
| 10 | 19, 2014. |
| 11 | 7.    Plaintiff has alleged that Defendant has willfully distributed and sold |
| 12 | counterfeit, pirated or otherwise unauthorized Beats® and/or Beats by Dr. Dre® |
| 13 | line of headphones, audio speakers, and electronic products and services, and |
| 14 | related products, bearing and/or utilizing one or more of Plaintiff's Marks. |
| 15 | 8.    Defendant acknowledges and does not contest Plaintiff's exclusive |
| 16 | rights in and to Plaintiff's Marks, including but not limited to the Beats® and/or |
| 17 | Beats by Dr. Dre® marks, and Plaintiff's exclusive right to distribute products |
| 18 | utilizing Plaintiff's Marks. |
| 19 | 9.    The parties expressly waive any findings of fact, conclusions of law, |
| 20 | statement of decision and any right to notice or right to be heard in any matter in |
| 21 | connection with or arising out of the filing, rendition or entry of the Permanent |
| 22 | Injunction Order on this Stipulation for Entry of Permanent Injunction. |
| 23 | 10.   Plaintiff has no adequate remedy at law for the acts of Defendant |
| 24 | complained of herein, or for the acts of any third parties who have acted in concert |
| 25 | with and/or at the direction of Defendant, as injury to Plaintiff's reputation and |
| 26 | goodwill cannot be quantified and such injury cannot be compensated by |
| 27 | monetary amounts. |
| 28 | 11.   The parties agree that the permanent injunction shall remain in full |

force and effect through the final disposition of this action and that any right to set aside the permanent injunction, appeal therefrom or to otherwise attack its validity is hereby waived; provided however, that no such waiver shall be deemed to exist insofar as damages are concerned, it being agreed that Defendant may offer proof in defense of Plaintiff's claims for damages.

12. Plaintiff and Defendant hereby agree to the Court's issuance of the Permanent Injunction Order lodged concurrently herewith, permanently enjoining Defendant and his/her/its agents, employees, officers, directors, owners, attorneys, representatives, successor companies, related companies, and all persona acting in concert or participation with him, and each of them, from:

    a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit Beats® and/or Beats by Dr. Dre® mark product identified in the Complaint and any other unauthorized Beats® and/or Beats by Dr. Dre® mark product (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof);

    b. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any Plaintiff's Mark, trade name and/or trade dress including, but not limited to, any of Plaintiff's Marks at issue in this action;

    c. The unauthorized use, in any manner whatsoever, of any Plaintiff's trademarks, trade name and/or trade dress including, but not limited to, the Plaintiff's Marks at issue in this action, any variants, colorable imitations,

translations and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

    i.    on or in conjunction with any product or service; and

    ii.    on or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

    d.    The use of any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendant originates from Plaintiff, or that said merchandise has been sponsored, approved, licensed by, or associated with Plaintiff or is, in some way, connected or affiliated with Plaintiff;

    e.    Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendant is connected with, or is in some way sponsored by or affiliated with Plaintiff, purchases product from or otherwise has a business relationship with Plaintiff;

    f.    Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Plaintiff;

    g.    Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of Plaintiff's Marks; and/or

    h.    Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement,

1 marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any Plaintiff's Marks or which otherwise refer or relate to Plaintiff or any of Plaintiff's Marks;

13. This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

14. The Court should find there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court should direct immediate entry of this Permanent Injunction against Defendant.

15. Upon entry of the [Proposed] Permanent Injunction and Dismissal as to Defendant filed concurrently herewith by the Court as a final order, the case shall be dismissed as to Defendant.

**IT IS SO ORDERED.**

Dated: October 17, 2014

By: _____
HON. BEVERLY REID O'CONNELL
United States District Court Judge